**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| OLATUNBOSUN GBOLADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:10-cv-00228-M |
| ) | |
| AT&T OPERATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## **PROTECTIVE ORDER**

**PURSUANT TO APPLICATION OF THE PARTIES AND FOR GOOD CAUSE** this Court enters the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in accordance with the terms and conditions set forth below, governing confidential and private material obtained in the above-styled litigation.

    1.    The following definitions shall apply to this Order:

        A.    "Confidential Information" shall mean and refer to any information or document (i) which is produced or disclosed in response to discovery proceedings in this action, whether or not by a party hereto, and (ii) which is specifically designated "Confidential" at the time of its production or disclosure. "Confidential Information" shall include portions of transcribed deposition testimony to the extent that such testimony is designated confidential on the record at the time it is given. The following materials shall be deemed "Confidential Information" subject to this Protective Order:

i. Medical, psychological or counseling records, FMLA records, and marital records related to the Plaintiff, employees of the Defendant, or any other persons and information contained in such records.

ii. Tax returns, pay stubs, loan applications, financial statements and W-2 forms related to the Plaintiff.

iii. Non-public financial, confidential, or proprietary information of the Defendant.

iv. Salary, payroll, tax, insurance, benefit, or retirement records and beneficiary designations or like records of any persons, including employees of the Defendant.

v. Performance appraisals or disciplinary records related to the Plaintiff, current or former employees of the Defendant, or any non-parties to this action.

vi. Social Security numbers and dates of birth of any persons.

vii. The names of minor children or incompetent persons. Such persons shall be identified by initials.

viii. Unlisted home addresses or unlisted phone numbers.

ix. Trade secrets which are defined to mean: "a secret, commercially valuable plan, formula, process, or device that is used for the making, preparing, compounding, or

processing of trade commodities and that can be said to be the end product of either innovation or substantial effort."

*Herrick v. Garvey*, 298 F.3d 1184, 1190 (10th Cir. 2002).

B. Subject to limitations set forth in paragraph 2 below, "Qualified Person[s]" shall mean and refer to:

   i. The parties in this case, including management level employees of companies affiliated with Defendant who had supervisory or human resources responsibilities over Plaintiff while he was employed by Defendant;

   ii. The spouse (if any) of the Plaintiff;

   iii. Counsel of record for the parties to this Order, including all partners, counsel, and associate attorneys of said counsels' law firms and all paralegal assistants, stenographic and clerical employees thereof when operating under the direct supervision of such attorneys, and including all attorneys, paralegal assistants, stenographic and clerical employees in the in-house legal department of Defendant;

   iv. Court staff and staff of the Court Clerk in this action or in any appeals therefrom;

   v. Any person subpoenaed or called as a witness at a deposition or hearing in this action;

      vi.      Any person who is or reasonably may be expected to be a witness in this action;

      vii.      Any person interviewed or who reasonably would need to see such materials in order to give testimony or information related to the case, to form opinions or to serve as a consultant with regard to issues in the action;

      viii.      Any court reporter, videographer, or other persons involved in recording deposition or trial testimony or handling pleadings and evidence during the litigation of this action;

      ix.      Actual or potential expert witnesses of the parties to this Order who are retained by counsel of record for the parties solely for the purpose of assisting in the preparation for trial of this action.

2.      In the case of disclosure of records or confidential information to persons who are potential witnesses as described in Paragraph (1)(B)(vii), the disclosing party may not provide the potential witness with a copy of any confidential document but may show such document or orally share that information. Such persons must be advised that the information is subject to a confidentiality order and that such order applies to them. Such persons must be advised that they must maintain such information as confidential.

3. In the case of tax returns, grade transcripts, marital records, medical, psychological or counseling records, FMLA records, and trade secrets, the records or the contents thereof may be disclosed only to the following persons without leave of court: (1) the court, court clerk, and staff of those entities; (2) counsel for the parties, including staff; (3) expert witnesses or consultants who are qualified to evaluate such records; (4) the person who is the subject of the records or the guardian of such person; and (5) any persons designated as FED. R. CIV. P. 30(b)(6) witnesses by the Defendant. This Order shall not preclude either counsel from communicating a general assessment or analysis of the impact of the records or their contents or an assessment or analysis by their expert witness(es) to their clients or insurance representatives for purposes of settlement discussion or case preparation.

4. No Confidential Information shall be used by any of the parties to this Order, or any counsel, expert or consultant of the parties to this Order, or any other person or entity, for any purpose other than the prosecution or defense of this litigation.

5. The substance or content of Confidential Information shall not be disclosed by the parties to this Order to anyone other than Qualified Persons pursuant to the terms of this Order. No Qualified Persons receiving Confidential Information under the terms of this Order shall give, disclose, communicate

or otherwise make available the same to any other person not permitted by this Order to receive it. Confidential Information shall be maintained and preserved in a manner that will ensure that its confidential status will be protected.

6. In order to comply with HIPAA requirements and particularly 45 C.F.R. § 164.512(e)(v)(A), (B), a party receiving medical records must:

   A. Not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

   B. Must return such information to either the entity from which it was received, or the attorney of the party to whom it pertains or destroy the protected health information (including all copies made) which actions must be taken at the end of the litigation or proceeding.

7. Confidential records subject to this Order need not generally be filed under seal. Medical, counseling, or psychological records, marital records, grade transcripts, tax returns, trade secrets, personnel records of third parties, FMLA records, and non-public financial, confidential, or proprietary records shall be sealed along with the portions of any transcripts of testimony, reports or other documents which would disclose information contained in such records. Such documents shall be placed in a sealed envelope on which a statement substantially in the following form shall be

endorsed:

> **This envelope contains Confidential Information which is subject to a Protective Order entered by the Court in this action.**

All such material so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court or agreement of the parties. The parties shall comply with the procedures set forth in this Court's Electronic Filing Policies and Procedures Manual §§ II(H) and III(A) for filing documents that are subject to this Order, and nothing herein shall prevent the parties from utilizing the procedures set forth in these sections for the filing of documents with the Court. The parties will be allowed to redact other confidential information from documents filed with the Court unless that confidential information is material to the issue being presented. The party entitled to hold the information as confidential may waive either the confidentiality of all or part of any otherwise confidential information or waive the requirement that any portion of information be filed under seal, however such waiver will not be implied but must be made expressly by the party.

8. If any party or counsel of record to this Order objects to a designation of information as "Confidential," he/she may at any time notify counsel for

the party who produced the purported Confidential Information that the propriety of the designation of the information as "Confidential" is disputed and request that the "Confidential" designation be canceled. The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection and the intended use of the material. The request shall be deemed granted at the end of the tenth (10th) business day after receipt of the request, unless the producing party, prior to the end of such ten (10) business day period, sends by facsimile or commercial messenger service a written denial of the request. If such request is denied in whole or in part, the requesting party may file a motion with the Court to have the "Confidential" designation removed as to the discovery responses listed in the request.

9. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record. Counsel shall instruct any Qualified Person who views Confidential Information that such person is bound by the terms of this Order and must not reveal the Confidential Information to any other persons. Confidential Information shall be maintained and preserved in a manner that will ensure that its confidential status is protected.

10. Inadvertent production of any document subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or

doctrine will not waive any claim of privilege with respect to that document or any other documents or information withheld on such grounds, provided a valid claim is asserted before the close of discovery.

11. Nothing in this Agreement shall operate to require the production of information or documents that are privileged or otherwise protected from discovery. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

12. The terms and conditions of this Protective Order will continue in full force and effect following the final determination of this action, whether by final judgment, settlement or otherwise.

13. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action; provided, however, that each party retains the right to seek protection from the court of confidential information introduced during trial.

14. Nothing herein shall prevent any party from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper. Moreover, nothing herein shall be deemed to constitute a waiver or admission by any party or counsel for any party that any specific document, material, testimony or thing is or is not admissible in evidence at trial.

15. Nothing in this Order shall prevent or prohibit any party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this litigation.

16. Within ten (10) days after entry of final judgment in this case, the party or counsel who received Confidential Information shall return the originals and any and all copies of such Confidential Information to the party or counsel who produced the records.

**IT IS SO ORDERED this 23rd day of September, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDG